**People of the State of Illinois, Plaintiff-Appellee, v. Verdis Earls, Defendant-Appellant.**

Gen. No. 51,633.

First District, Fourth Division.

April 14, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and David B. Selig, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

After a bench trial the defendant, Verdis Earls, was convicted of robbery and was sentenced to the penitentiary for a term of not less than one nor more than three years.

## Contention on Appeal

Defendant's sole contention is that he was not proven guilty beyond a reasonable doubt.

## Evidence

The complaining witness, Robert Powell, testified that as he was entering a vestibule of an apartment building four men approached (one of whom he positively identified as the defendant, whom Powell had seen previously in the neighborhood); two of them shoved him inside the vestibule, turned him around facing the door and robbed him of his money and wallet while holding a knife to his throat. The door had a window, through which Powell observed the defendant and another man, standing outside. The defendant was watching inside the vestibule as the robbery took place and was also looking down the street. After the robbery was completed all four men fled and were pursued by Powell. In the course of his pursuit Powell hailed a police car and the policemen chased the men, apprehending only defendant. The policemen then placed Powell and defendant in their squadrol for transportation to the police station. Powell testified that, en route, defendant told him: ". . . if I didn't sign a complaint he would see I got my money back."

319

■■■■■■■

One of the police officers, Robert McCormack, testified that as he and his partner were on patrol in their squadrol they observed three or four men coming around the corner, running, but when the men spotted the police they began walking at a normal pace. Powell then came around the corner, chasing them and yelling for help, after which the men resumed running. Officer McCormack further testified that they chased the men down an alley and apprehended the defendant but the others escaped. Upon questioning, defendant told the police that he was running from his girl friend but that he did not know where she was. Defendant denied that he had been with any other men.

Neither defendant nor his girl friend testified at the trial.

## Opinion

■■ A person is legally accountable for the conduct of another when "either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." Ill Rev Stats 1965, c 38, § 5–2(c). According to the evidence adduced by the prosecution, four men including the defendant approached Powell as he was entering the vestibule; defendant stood outside the vestibule and acted as a lookout while two of the men robbed the victim at knifepoint; defendant was arrested after being pursued by the defendant and the police; and defendant offered to see that the victim's money was returned if he refused to sign a complaint. This evidence, believed by the trial judge as trier of fact, is sufficient to prove beyond a reasonable doubt that defendant intentionally aided and abetted the commission of the crime of robbery. Defendant is therefore as legally

accountable as if he had actually held the knife to Powell's throat and taken the money and wallet.

**Holding on Appeal**
The judgment of the trial court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.